UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **YVONNE GRAHAM,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| VS. | § | **CASE NO.: 08-50** |
| | § | |
| **DELTA GROUP, LLC, a/d/b/a JOSEPH,** | § | |
| **ORTIZ & EPSTEIN, LLC,** | § | |
| | § | |
| **DEFENDANT.** | § | |

## COMPLAINT

**COMES NOW** the Plaintiff, YVONNE GRAHAM by and through the undersigned attorney and states a claim for relief as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### FACTUAL ALLEGATIONS

3. Plaintiff is a resident of Madison County, Alabama.

4. Defendant is a debt collector as defined by the FDCPA.

5. On or about Monday, December 24, 2007 at 10:08 a.m., the Plaintiff received a collection call from the Defendant concerning a credit card debt allegedly owed by the Plaintiff.

6. An agent named Nicole Hopkins stated that three letters had been sent and the Plaintiff had refused to respond.

7. Plaintiff informed the agent that she had not received any letter from the Defendant and that she disputed owing the debt.

8. The agent also stated that she had lost her patience and told the Plaintiff that the "marshals" would show up at the Plaintiff's job.

9. She finally told the Plaintiff that they knew everything about her social security number.

10. After Plaintiff was threatened by the agent, Plaintiff asked to speak to her supervisor.

11. The supervisor, Gina Madison, informed Plaintiff that they would issue a 1099 before the end of 2007 which would cause the Plaintiff to pay more in taxes if she did not pay on the debt.

12. After this conversation, the Plaintiff started receiving calls nearly every day from the Defendant.

13. Plaintiff received an initial letter dated January 14, 2008, from the Defendant stating the amount of debt owed and that she had 30 days to dispute the debt.

14. That same day, the Plaintiff received a call from Gina Madison and was told by the agent that they were sending out the 1099 to the Internal Revenue Service ("IRS") and that all of her assets including her savings and checking accounts would be frozen.

15. The agent also told the Plaintiff that the IRS would research her taxes for the past 5 years and perform an audit on her if she did not settle the debt that day.

16. Later that afternoon, Plaintiff received another call from the Defendant with a message from Gina Madison stating that if she did not settle the debt that day, the "paperwork" would be filed with the IRS and Plaintiff would have to hire a good tax attorney to deal with the ramifications.

17. The next day, January 15, 2008, Plaintiff received another message from the Defendant, specifically Ed Gutner of the settlement department, stating to call to settle the claim.

## COUNT ONE
**(FDCPA Violation)**

18. The Defendant has violated the FDCPA. The Defendant has presented actions that are:

    a. In a manner to harass, oppress, or abuse the Plaintiff into paying a debt she no longer owed;
    b. A use of language that the natural consequence of such use is to abuse the Plaintiff into paying a debt she no longer owed;
    c. A false representation or implication that nonpayment of the debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiff and the debt collector or creditor intends to take such action;

      d.    A false and deceptive act which violates the FDCPA in other ways not specifically mentioned.

19. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

20. Plaintiff alleges said debt with Defendant is a consumer debt pursuant to 15 U.S.C. §1692a(5).

21. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    a.    Actual damages;
    b.    Statutory damages pursuant to 15 U.S.C. §1692k;
    c.    Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;
    d.    For such other and further relief as may be just and proper.

### COUNT TWO
### (Wantonness)

22. Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

23. The actions taken by Defendant in attempting to collect from Plaintiff amounts not owed and the manner in which the collection efforts constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT THREE
### (Negligence)

24. Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

25. Defendant at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing her account. This included the duty to take reasonable measures to ensure that the debts collected against Plaintiff were those actually owed

by Plaintiff.  Defendant also owed a duty not to engage in unreasonable collection efforts aimed only at harassing Plaintiff and coercing her to pay even though she disputed the debt.

26. Defendant breached the duties owed to Plaintiff.  The collection actions taken against Plaintiff and Defendant's management of Plaintiff's account constitute negligence and Plaintiff has been damaged by Defendant's negligent actions.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**RESPECTFULLY** submitted on this, the 24th day of January, 2008.

s/ James D. Patterson
**JAMES D. PATTERSON, ESQ. (PATTJ6485)**
**EARL P. UNDERWOOD, JR., ESQ.  (UNDEE6591)**
**LAW OFFICE OF EARL P. UNDERWOOD, JR.**
**21 South Section Street**
**PO Box 969**
**Fairhope AL 36533**
**(251)-990-5558**